UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GUY MALOON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 7-81-P-S |
| | ) |
| BARBERA BARNETT, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDED DECISION**

On May 2, 2007, Guy Maloon filed this complaint against Barbera Barnett, a prison mental health worker, alleging that Ms. Barnett had been deliberately indifferent to safety issues relating to Maloon while he was incarcerated at the Maine State Prison. In due course defendant was served, answered the complaint, and this court issued a scheduling order setting a discovery deadline of February 21, 2008, and a motions deadline of March 13, 2008. On February 21 Maloon filed a motion to dismiss without prejudice (Docket No. 17) requesting that the case be withdrawn until a later date because he was in the process of seeking an attorney to represent him in this matter. On March 6, 2008, the defendant filed a motion for summary judgment and a response to the motion to dismiss, objecting to a dismissal without prejudice. On March 18 Maloon filed his reply to the response to the motion to dismiss, stating that he had received the summary judgment pleadings and had no idea how he could possibly respond to them because he still did not have counsel. His response to the motion for summary judgment is currently due on March 27, 2008. I now recommend the court deny his motion to dismiss without prejudice. I will also grant Maloon additional time to respond to the pending motion until May 2, 2008. I further direct the clerk to send Maloon a copy of Local Rule 56.

**Rule 41(a) Dismissal without Prejudice**

Federal Rule of Civil Procedure 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." The purpose of the rule "is to permit the plaintiff, with approval of the court, voluntarily to dismiss an action as long as no other party will be prejudiced." Doe v. Urohealth Sys. Inc., 216 F.3d 157, 160 (1st Cir. 2000). Among the factors courts consider in assessing whether a defendant would suffer prejudice by a dismissal without prejudice are the effort and expense that has been incurred in preparation for trial, excessive delay of the case, lack of diligence on plaintiff's part, the fact that a summary judgment has been filed, and the sufficiency of the explanation of the need to dismiss the case as put forth by the plaintiff. Id.

Maloon wants to dismiss his case because he has been unable to secure counsel to represent him, but he wants the dismissal to be without prejudice because, apparently, he believes sometime in the uncertain future he will have an attorney to prosecute this action. It is an extremely flimsy explanation as to why this court should grant his request. On the other hand defendant has been sued, her attorney has investigated the case, and has prepared and filed a summary judgment motion. While it does not seem that excessive effort and expense has been incurred to get to this point, the reality is that the summary judgment motion presents a fairly straightforward set of facts. Maloon either has evidence to dispute those facts or not. If he does not possess any evidence that Barnett did anything other than what he says in his complaint and she says in her affidavit, the single currently identifiable disputed fact of whether or not she told him he was "worrying for nothing" would be unlikely to give rise to a constitutional violation even if that fact were viewed in the light most favorable to Maloon. If Maloon has additional

evidence against Barnett he will have the opportunity to present it in affidavit form, under oath, in his opposition to the motion for summary judgment.

The District of Maine has a local rule pertaining to summary judgment. District of Maine Local Rule 56 as relevant provides:

> **(c) Opposing Statement of Material Facts.** A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph(s) and supported by a record citation as required by subsection (f) of this rule.
> ….
> **(f) Statement of Facts Deemed Admitted Unless Properly Controverted; Specific Record of Citations Required.** Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

Dist. Me. Loc. R. 56(c),(f).

Two cases in the District of Maine guide how this court will ultimately treat any responsive pleading filed by Maloon when his response to the pending motion for summary judgment comes due. Clarke v. Blais, 473 F.Supp.2d 124 (D. Me. 2007), was a case in which the (likewise pro se) plaintiff had a nonconforming response to a summary judgment motion targeting the plaintiff's pre-trial detention excessive force claim. In that case the plaintiff's opposition included "his version of the facts, references to paragraph numbers of a document that he did not file, "P.S.M.F." (Plaintiff's Statement of Material Facts?), and exhibits that he did file.

3

He did not mention either his affidavit or his deposition in the opposition." Id. at 128. Judge Hornby reasoned:

> What makes this case distinct is the following: the plaintiff made very clear in his response to the motion (his "Opposition") the precise nature of his disagreement with the officers' version of what happened; the affidavit filed with the Amended Complaint supported the plaintiff's version and demonstrated from the outset that there was a competent witness (the plaintiff himself) with sufficient admissible evidence to allow the plaintiff to get to a factfinder on his excessive force claim, whatever might develop in discovery (unless he were to recant his story); the plaintiff was not someone who chose to proceed without a lawyer, thereby risking voluntarily the consequences of his ignorance of the rules, but instead requested appointment of a lawyer repeatedly; the plaintiff has mental and medical issues; the defendants confirmed for themselves during discovery that there was a genuine issue of material fact on the excessive force claim by taking the plaintiff's deposition and asking him about it, and they presented that entire deposition to the court as part of their motion for summary judgment, on notice that the plaintiff's testimony from the deposition and the affidavit created a genuine issue of material fact; and the Magistrate Judge was aware (as am I) of the affidavit (it would be difficult to decide a motion for summary judgment without reading the Amended Complaint, which included the affidavit). No record scouring was required. Although there may be occasions where a plaintiff's failure of the sort that occurred here would unfairly prevent a meaningful defendants' reply, see Sirois v. Prison Health Services, 233 F.Supp.2d 52, 55 & n. 2 (D.Me.2002), this is not such a case. Here, there is a clear credibility conflict between what the plaintiff says happened and what the defendants (particularly Sergeant Blais) say happened. The issue concerns a material fact. A defendant's reply cannot alter that.

Id. at 130 (footnote omitted).

In Demmons v. Tritch, 484 F. Supp. 2d 177 (D. Me. 2007) this Court addressed a summary judgment record in which the pro se plaintiff failed to respond at all to the summary judgment motion prior to the issuance of my recommended decision. This Court discussed the "fair notice" rule for pro se litigants, addressed Clarke, id. at 182-83, and proceeded by weighing the facts in the plaintiff's verified complaint, concluding: "Taken as a whole, including the facts in the verified complaint, the record does not support a claim of deliberate indifference, even when viewed in the light most favorable to Mr. Demmons." Id. at 185.

4

By this recommended decision I have provided Maloon with fair warning that he must respond to the pending motion for summary judgment or face the entry of judgment against him. He thus is in a better position than was Demmons.  Additionally, although his situation is very similar to Clarke's in that he has certainly made repeated requests for counsel, his deliberate indifference claim against Barnett, at least as he has explained it in his complaint and as Barnett has described it in her affidavit, is a fairly straightforward factual matter which can be easily joined.  Either Maloon has additional evidence concerning Barnett's deliberate indifference or he does not.  If he does have such evidence getting it into a form that can be addressed when deciding this motion for summary judgment can be a relatively simple operation if Maloon follows the guidance provided by this recommended decision.  I have given him additional time to prepare his response.

## Conclusion

Because it would be fundamentally unfair to the defendant and a poor use of judicial resources as well to recommence this litigation six months from now, I recommend that the court deny Maloon's motion to dismiss without prejudice.  I also grant Maloon an extension until May 2, 2008, to respond to the pending motion for summary judgment.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 21, 2008