UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GUY MALOON, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civ. No. 07-81-P-S |
| BARBARA BARNETT, | ) ) | |
| Defendant | ) ) | |

**RECOMMENDED DECISION**

Guy Maloon has filed a civil rights action against Barbara Barnett, a mental health worker at the Maine State Prison, complaining:

> On numerous occasions I spoke to Barbara Barnett about my safety issues, as I had problems with other inmates. She set up an appointment. Which, I was prescribed medication and was moved from one building to another.
> And I again brought my safety issues up to her, and she said I was worrying for nothing.
> Which led to me getting stabbed 3 times.
> I am seeking monetary punitive stress and emotional damages caused by being stabbed and for her not doing her job.

(Comp. at 3.) Barnett has filed a motion for summary judgment, supported by a statement of material facts, Barnett's affidavit and two exhibits. Maloon has not responded to this motion. For the following reasons, I recommend that the Court grant Barnett's motion for summary judgment. [1]

---

[1] Maloon filed a motion to dismiss his case without prejudice, indicating that he was unable to secure counsel. I recommended that the Court deny this motion, noting that Barnett had this pending motion for summary judgment and was entitled to see the matter resolved on its merits at this stage of the litigation. (Docket No. 22.) That decision painstakingly put Maloon on notice that he must comply with the District of Maine Local Rule 56 in responding to this motion for summary judgment. I also granted Maloon an extension of time to respond to Barnett's motion. This Court adopted that recommendation. (Docket No. 24.)

*Discussion*

*Summary Judgment Standard*

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (quoting Federal Rule of Civil Procedure 56(c)).  I draw all reasonable inferences in favor of Maloon, but where he bears the burden of proof, he "'must present definite, competent evidence' from which a reasonable jury could find in [his] favor." Id. (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)).

Maloon has not presented any evidence in defense of the motion for summary judgment. However, this court,

> may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the court must determine whether summary judgment is "appropriate," which means that it must assure itself that the moving party's submission shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also* Advisory Committee Note to Rule 56 ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.").

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 -8 (1st Cir. 2002).

*Undisputed Facts*

Barbara Barnett is a psychiatric social worker who is employed by Correctional Medical Services, Inc. (SMF ¶ 1.) Barnett has been assigned to work at the Maine State Prison in Cushing, Maine, since October 2003. (Id. ¶ 2.) Starting in June 2004, Barnett started treating

inmate Guy Maloon, who was serving a sentence for aggravated assault. (Id. ¶ 3.) Around July 2006, Maloon started talking to Barnett about his concerns regarding another inmate. (Id. ¶ 4.) Maloon reported to Barnett that "something's gonna happen," as one inmate in particular was talking to others about him. (Id. ¶ 5.)

The inmate that Maloon was having difficulties with considered Maloon a "rat" because of an incident that had happened several years ago, prior to Maloon's incarceration. (Id. ¶ 6.). At the time, Barnett was unsure to which inmate Maloon was referring. (Id. ¶ 7.)  Barnett asked Maloon how he could resolve his differences with others, and he responded by saying, "I won't back down."  (Id. ¶ 8.) Barnett suggested to Maloon that he request transfer to another pod. Maloon again stated that he would not "back down," and told Barnett that in prison, asking for a transfer was considered "backing down." (Id. ¶ 9.) Barnett told Maloon that she was permitted to break confidentiality if she considered his safety in danger, and she did just that; she told Sgt. Duguay, the supervising sergeant, that Maloon might be having problems. (Id. ¶ 10.)

Barnett observed Maloon being interviewed by Sergeant Duguay.  Maloon also told Barnett, during his session with her on August 17, 2006, that Duguay had spoken with him about this other inmate. (Id. ¶ 11.)   Within a few days of this conversation between Duguay and Maloon, Maloon was transferred to a different pod for his safety. (Id. ¶ 12.)

On August 28, 2006, after being transferred to the new pod, Maloon was stabbed by an inmate. (Id. ¶ 13.) Barnett never told Maloon that he was "worrying for nothing." (Id. ¶ 14.) Barnett was always willing to hear Maloon's concerns about this other inmate, and he discussed them during multiple sessions. (Id. ¶ 15.) Barnett also talked to Maloon about potential options for resolving conflicts.  (Id. ¶ 16.)

Barnett reports all threats to the Security Department for investigation. (Id. ¶ 17.) Barnett has no authority to actually transfer an inmate or institute other security precautions. (Id. ¶ 18.) Barnett had no indication that the pod to which Maloon had been transferred after speaking with Duguay posed a substantial risk of serious harm and in fact, it appeared to be a safer environment for him. (Id. ¶ 19.)

*Maloon's Claim under the Eighth Amendment*

The Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of inmates [and] ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-833 (1994). Barnett can only be held liable if she was deliberately indifferent to the need to protect Maloon from a substantial risk of serious harm from other inmates. Berry v. Sherman, 365 F.3d 631, 633 -34 (8th Cir. 2004). With respect to the "'indifference' part" of this test, even if Barnett was aware of the risk she will not be held liable on a deliberate indifference standard if she "responded reasonably to the risk, even if the harm ultimately was not avoided." Burrell v. Hampshire County, 307 F.3d 1, 8 (1st Cir. 2002) (citing Farmer, 511 U.S. at 844.) "Conceivably, a response that was colorable and taken in good faith might still be enough to negate deliberate indifference even if it were inadequate from an objective standpoint (and thus negligent)[.]" Id. "Deliberate indifference, in this sense, is a mental state akin to criminal recklessness." Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005) (citing Farmer, 511 U.S. at 836-37.)

There is no question that undisputed material facts recited above – and unchallenged by Maloon – do not support Maloon's claim that Barnett violated his constitutional right. In short, there is no evidence in this summary judgment record that Barnett acted unreasonably to the risk of an attack on Maloon by another inmate, much less that she was subjectively indifferent to the

4

risk to the extent of criminal negligence.  See Dupuis v. Magnusson, Civil No. 04-10, 2008 WL 696809, 13 (D.Me. Mar. 7, 2008) (Kravchuk, Magis. J., recommended decision).

### *Conclusion*

For the reasons stated above, I recommend that the Court grant this unopposed motion for summary judgment.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 7, 2008