UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GUY MALOON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 7-81-P-S |
| | ) |
| BARBERA BARNETT, | ) |
| | ) |
|     Defendant. | ) |

**RECOMMENDED DECISION**

There are currently three motions pending in this closed case. Plaintiff Guy Maloon, a pro se prisoner litigant, filed a letter motion to appoint counsel accompanied by a motion for relief from judgment. A week later he filed a second motion for appointment of counsel. I now deny both motions for appointment of counsel. There is no absolute constitutional right to a free lawyer in a civil case -- let alone a closed civil case where judgment has already entered -- even though the plaintiff is proceeding in forma pauperis. See Bemis v. Kelley, 857 F.2d 14,15 (1st Cir. 1988). In order to justify the appointment of an attorney the court must find there are exceptional circumstances sufficient to warrant the appointment of counsel and to do that the court must look at the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991).

Despite Maloon's protestations regarding his illiteracy, he has been able to file intelligible pleadings in this case, including his most recent, and untimely, statement of material facts. This case does not raise complex legal issues. Maloon is suing Barbara Barnett because he says she was deliberately indifferent to his plight and that she is somehow responsible for him

being stabbed three times by another inmate. Barnett and Maloon agree he told her of his concerns regarding the other inmate during the course of therapeutic counseling sessions. Both Barnett and Maloon agree that Sgt. Dugay came to know of this situation (Barnett says it was because she alerted authorities about Maloon's concerns). They both agree Maloon was moved to a different pod. Apparently shortly thereafter another inmate stabbed him three times and he was treated for injuries. Clearly Maloon suffered an injury from his fellow inmate; perhaps prison authorities could have done something to prevent it. But the plain and simple fact is that there is nothing in Maloon's pleadings that even remotely suggests there is any merit to his lawsuit against Barnett. There are no exceptional circumstances warranting the appointment of counsel.

I further recommend the court deny the motion for relief from judgment because Maloon has made no showing that he is entitled to relief pursuant to any of the provisions of Rule 60(b) of the Federal Rules of Civil Procedure.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date July 2, 2008